**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: | Case No. 18-cv-00375-BLF |
| LAURA GENS, | Bankr. Case No. 15-bk-53562 |
| Debtor. | Advers. P. Case No. 17-ap-05045 |
| ———————————————— | **ORDER AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT AND AMENDED JUDGMENT** |
| LAURA GENS, | |
| Plaintiff-Appellant, | |
| v. | |
| WELLS FARGO BANK, N.A. and THE BANK OF NEW YORK MELLON, | |
| Defendants-Appellees. | |

Laura A. Gens, the Debtor and Plaintiff-Appellant, has been engaged in a long-running dispute with Wells Fargo Bank, N.A. ("Wells Fargo") regarding a loan secured by a residential property ("the Property") located in Palo Alto, California. The dispute has spawned multiple bankruptcy proceedings and civil actions in which Ms. Gens has challenged Wells Fargo's rights to collect payments on the loan or foreclose on the Property.

In this appeal, Ms. Gens seeks reversal of the Bankruptcy Court's dismissal of an adversary proceeding that she brought against Defendants-Appellees Wells Fargo and Bank of New York Mellon ("BNYM"). The Bankruptcy Court dismissed Ms. Gens' first amended complaint ("FAC") with prejudice under Federal Rule of Civil Procedure 12(b)(6) and entered judgment for Wells Fargo and BNYM.

The Court finds the appeal to be appropriate for disposition without oral argument.  *See*

Civ. L.R. 7-1(b).  For the reasons discussed below, the Court AFFIRMS the Bankruptcy Court's

dismissal order and judgment.

## I.      BACKGROUND[1]

### A.      Loan and Default

On November 17, 2006, Ms. Gens obtained a "Pick-A-Payment Loan" from World

Savings Bank, FSB ("World") in the amount of $1,620,000.  *See* FAC ¶ 4, Appellant's Appendix

("App'x") 166, ECF 21; Deed of Trust, App'x 26; Note, App'x 46.[2]  The loan was secured by the

Property, and as part of the loan transaction Ms. Gens executed a Deed of Trust and an Adjustable

Rate Mortgage Note ("Note").  *See* FAC ¶ 4, App'x 166; Deed of Trust, App'x 26; Note, App'x

46.  World was the beneficiary under the Deed of Trust, and Golden West Savings Association

Service Company ("Golden West Savings") was the trustee.  *See* Deed of Trust, App'x 26.

In 2007, World changed its name to Wachovia Mortgage, FSB ("Wachovia").  *See*

Comptroller of the Currency's Certification of Title Change, App'x 245.  In 2008, Wachovia

recorded a Substitution of Trustee, which identified Wachovia as the beneficiary under the Deed

of Trust and substituted Cal-Western Reconveyance Corporation as the trustee.  *See* Substitution

of Trustee, App'x 129.

In 2009, Wachovia converted to a national bank with the name Wells Fargo Bank

Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.  *See* Comptroller of

the Currency's Certificate of Authenticity, App'x 247.  In 2016, Wells Fargo recorded a

Substitution of Trustee, which identified Wells Fargo as the beneficiary under the Deed of Trust

---

[1] The background section is drawn from the factual allegations of Ms. Gens' FAC, which are accepted as true for purposes of this appeal; materials incorporated into the FAC by reference; and matters of which the Court may take judicial notice.  *See DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 762 (9th Cir. 2018) (setting forth appellate standard of review regarding Rule 12(b)(6) dismissal); *In re Crystal Properties, Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001) ("[T]he district court functions as an appellate court in reviewing a bankruptcy decision and applies the same standards of review as a federal court of appeals.").

[2] The Court takes judicial notice of the publicly filed documents and judicial decisions referenced in this order.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (a court may take judicial notice of court filings and other matters of public record).

2

and substituted Clear Recon Corporation as the trustee. *See* Substitution of Trustee, App'x 139.

Golden West Savings, as trustee under the Deed of Trust, recorded several Notices of Default beginning in 2007. *See* Notices of Default, App'x 122, 125. Golden West Savings and its successor trustees also recorded several Notices of Trustee's Sale. *See* Notices of Trustee's Sale, App'x 127, 131, 136. However, those sales were not completed as a result of serial bankruptcy proceedings and civil actions filed by Ms. Gens.

**B.      Chapter 11 Case Converted to Chapter 7 Case**

Ms. Gens commenced the most recent of her four bankruptcy cases when she filed a Chapter 11 petition on November 11, 2015. *See In re Laura Gens, Debtor,* Case No. 15-bk-53562. The Bankruptcy Court converted the Chapter 11 case to a Chapter 7 case over Ms. Gens' objection. *See* Case No. 15-bk-53562, ECF 163. On May 3, 2017, the Chapter 7 Trustee filed a motion for authority to sell the Property for $4,060,000 and to use the sale proceeds to pay liens, costs, taxes, fees, commissions, and the Debtor's allowed exemption. *See* Case No. 15-bk-53562, ECF 311. The Trustee's motion identified Wells Fargo as the holder of a first priority lien on the Property in an aggregate amount of $2.7 million. *See id.* The Bankruptcy Court granted the Chapter 7 Trustee's motion, and the sale closed in August 2017. *See* Case No. 15-bk-53562, ECF 361, 450. On July 19, 2018, the Bankruptcy Court authorized the Chapter 7 Trustee to distribute the sale proceeds. *See* Case No. 15-bk-53562, ECF 503. That order is the subject of a separate appeal by Ms. Gens.

**C.      Adversary Proceeding**

On May 12, 2017, shortly after the Chapter 7 Trustee filed the motion for authority to sell the Property, Ms. Gens filed the adversary proceeding that gives rise to the present appeal. *See Gens v. Wells Fargo Bank, N.A.*, Case No. 17-ap-05045, ECF 1. Her FAC asserted the following claims against Wells Fargo and BNYM: (1) determination of claim validity pursuant to 11 U.S.C. § 502, (2) determination of lien validity pursuant to 11 U.S.C. § 506, (3) violations of Cal. Bus. & Prof. Code §§ 17200 et seq., (4) unjust enrichment, (5) accounting, and (6) injunction. *See* FAC, App'x 161.

All of the claims in the FAC were grounded in Ms. Gens' theory that the botched "securitization" of her loan deprived Wells Fargo and BNYM of any interest in the loan. Ms. Gens alleged that her original lender, World, sold her loan to a mortgage-backed securities trust ("MBS trust") in 2006, with the result that the loan was not among the assets held by the bank when it became Wachovia or when it later merged with and into Wells Fargo. FAC ¶ 8. Specifically, she asserted that her loan was sold to the World Savings REMIC 27 Trust, Mortgage Pass-Through Certificates, Series 27 ("WSR 27 Trust") on or before the Trust's closing date of December 26, 2006. *Id.* BNYM is the trustee of the WSR 27 Trust. FAC ¶ 3.

Ms. Gens alleged that "[o]nce the trust owns a mortgage loan, only the trustee of the MBS trust has the authority to foreclose, to appoint an agent to foreclose, to assign the deed of trust or substitute a trustee under the deed of trust." FAC ¶ 13. However, Ms. Gens claimed that in her case the trustee of the WSR 27 Trust – BNYM – did *not* have authority to foreclose or otherwise enforce the loan because the Santa Clara County Recorder's Office had no record of assignment from the original lender, World, to BNYM or any other entity. FAC ¶ 15. Ms. Gens alleged that "the required chain of title protocol required by the governing trust documents was not followed and the securitization of Plaintiff's mortgage failed." *Id.* According to Ms. Gens, the result of these events was that neither Wells Fargo nor BNYM ever acquired an enforceable interest in the loan. FAC ¶ 28.

Wells Fargo and BNYM moved to dismiss the FAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Motion to Dismiss, App'x 195. In her opposition to the motion, Ms. Gens withdrew Claim 4 for unjust enrichment and Claim 6 for injunction. *See* Opposition, App'x 668, 686. Ms. Gens' remaining claims – Claims 1, 2, 3, and 5 of the FAC – were addressed in Defendants' reply. *See* Reply, App'x 774. The Bankruptcy Court heard oral argument on October 17, 2017. *See* Transcript, App'x 863.

On December 18, 2018, the Bankruptcy Court granted the motion to dismiss. *See* Order Granting Motion to Dismiss, App'x 900-921. Before addressing the merits of the motion under Rule 12(b)(6), the Bankruptcy Court took up Ms. Gens' challenge to its authority to enter a final judgment in the adversary proceeding. App'x 905. The Bankruptcy Court determined that it had

authority to enter final judgment as to Claim 1 for determination of claim validity pursuant to 11 U.S.C. § 502, Claim 2 for determination of lien validity pursuant to 11 U.S.C. § 506, and Claim 5 for an accounting.  App'x 905-06.  However, it concluded that it might lack authority to enter final judgment as to Claim 3 for violation of Cal. Bus. & Prof. Code §§ 17200 et seq., and therefore directed that "[a]s to that cause of action alone, this decision shall be treated as the bankruptcy court's proposed findings of fact and conclusions of law pursuant to 28 U.S.C. § 157(c), Bankruptcy Rule 7052, and B.L.R. 9033-1."  App'x 906.[3]

Despite the Bankruptcy Court's direction that its order should be treated as proposed findings and conclusions with respect to Claim 3 for violation of §§ 17200 et seq., the Bankruptcy Court dismissed the entire FAC with prejudice and entered final judgment for Wells Fargo and BNYM.  *See* Amended Judgment, App'x 928.

On January 2, 2018, Ms. Gens filed a Notice of Appeal as to (1) the Bankruptcy Court's Order Granting Motion to Dismiss and (2) the Amended Judgment.  *See* Notice of Appeal, App'x 935.  The appeal initially was transmitted to the Bankruptcy Appellate Panel, but thereafter it was transmitted to the district court pursuant to Defendants' Statement of Election.  *See* Statement of Election, App'x 946.

## II.  JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction over Ms. Gens' appeal pursuant to 28 U.S.C. § 158(a)(1), which grants district courts jurisdiction to hear appeals "from final judgments, orders, and decrees" of bankruptcy courts.  "[T]he district court functions as an appellate court in reviewing a bankruptcy decision and applies the same standards of review as a federal court of appeals."  *In re Crystal Properties, Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001).  A dismissal for failure to state a claim under Rule 12(b)(6) is reviewed *de novo* and may be affirmed on any ground supported by

---

[3] Where the parties do not consent to a bankruptcy court entering final judgment in a non-core proceeding, the bankruptcy court nonetheless may hear the proceeding and submit proposed findings of fact and conclusions of law for the district court to review de novo.  *See* 28 U.S.C. § 157(c); *Opperwall v. Bank of Am., N.A.*, 561 B.R. 775, 779 n.3 (N.D. Cal. 2016).  After reviewing de novo any timely objections to the proposed findings and conclusions, the district court may enter an appropriate final order or judgment.  *See* 28 U.S.C. § 157(c)(1).

the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).

To the extent that the Bankruptcy Court's dismissal order is construed as proposed findings of fact and conclusions of law, this Court reviews such findings and conclusions de novo.

**III.   ISSUES PRESENTED**

Ms. Gens identifies two issues on appeal:

(1)    Whether it was proper for the Bankruptcy Court to dismiss the FAC pursuant to Rule 12(b)(6) based on res judicata, collateral estoppel, law of the case, statute of limitations, and mootness; and

(2)    Whether the Bankruptcy Court had constitutional authority to enter final judgment.

**IV.   DISCUSSION**

The Court addresses these issues in reverse order.

**A.    Bankruptcy Court's Authority to Enter Final Judgment**

Ms. Gens argues that the Bankruptcy Court lacked authority to enter final judgment on any of the claims of the FAC.

**1.    Governing Law**

A bankruptcy court's authority to enter final orders or judgments is governed by 28 U.S.C. § 157. That section "divid[es] all matters that may be referred to the bankruptcy court into two categories: 'core' and 'non-core' proceedings." *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2171 (2014). "It is the bankruptcy court's responsibility to determine whether each claim before it is core or non-core." *Id.*

Section 157(b)(2) contains a nonexhaustive list of core proceedings. 28 U.S.C. § 157(b). "The statute authorizes bankruptcy judges to 'hear and determine' such claims and 'enter appropriate orders and judgments' on them. *Arkison*, 134 S. Ct. at 2171 (quoting 28 U.S.C. § 157(b)). "A final judgment entered in a core proceeding is appealable to the district court, which reviews the judgment under traditional appellate standards." *Id.* at 2171-72 (internal citations omitted). "As for 'non-core' proceedings – i.e., proceedings that are 'not . . . core' but are 'otherwise related to a case under title 11' – the statute authorizes a bankruptcy court to 'hear [the] proceeding,' and then 'submit proposed findings of fact and conclusions of law to the district

court." *Id.* at 2172 (quoting 28 U.S.C. § 157(c)(1)).  "The district court must then review those

proposed findings and conclusions de novo and enter any final orders or judgments."  *Id.*

However, if all parties consent, the bankruptcy court may hear and determine non-core

proceedings as if they were core proceedings.  *Id.* (citing 28 U.S.C. § 157(c)(2)).

"Put simply: If a matter is core, the statute empowers the bankruptcy judge to enter final

judgment on the claim, subject to appellate review by the district court."[4]  *Arkison*, 134 S. Ct. at

2172.  "If a matter is non-core, and the parties have not consented to final adjudication by the

bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law."  *Id.*

"Then, the district court must review the proceeding de novo and enter final judgment."  *Id.*

### 2.  The Bankruptcy Court Erred in Entering Judgment on Claim 3

The Bankruptcy Court determined correctly that Claims 1, 2, and 5 of the FAC were core

claims as to which it was authorized to enter final judgment.  Claim 1, seeking a determination of

claim validity pursuant to 11 U.S.C. § 502, fell within § 157(b)(2)(B), as it involved "allowance or

disallowance of claims against the estate."  Claim 2, seeking a determination of lien validity

pursuant to 11 U.S.C. § 506, fell within § 157(b)(2)(K), as it involved "determinations of the

validity, extent, or priority of liens."  And Claim 5, seeking an accounting, was so intertwined with

the claims allowance process that it "would necessarily be resolved in the claims allowance

process."  *Stern v. Marshall*, 564 U.S. 462, 499 (2011).

The Bankruptcy Court determined that Claim 3 of the FAC might be a non-core claim, and

for that reason it indicated that its order should be treated as proposed findings of fact and

conclusions of law pursuant to 28 U.S.C. § 157(c)(1).  The Bankruptcy Court therefore should

have left it to the district court to review the findings and conclusions and enter final judgment on

Claim 3, if appropriate.  *See Arkison*, 134 S. Ct. at 2172.  The Bankruptcy Local Rules set forth a

procedure for transmitting to the district court a bankruptcy court's findings and conclusions in a

non-core proceeding, along with any objections thereto.  *See* Bankr. L.R. 9033-1.  The Bankruptcy

---

[4] The Supreme Court has recognized that in certain circumstances a bankruptcy court may have
statutory authority to enter final judgment on a claim under § 157, but be prohibited from doing so
under Article III of the Constitution.  *See Stern v. Marshall*, 564 U.S. 462 (2011).

Court erred by ignoring that procedure and instead dismissing Claim 3 with prejudice and entering final judgment in the adversary proceeding.

The Court finds unpersuasive Appellees' argument that the Bankruptcy Court did not enter final judgment as to Claim 3. The Bankruptcy Court dismissed Claim 3 with prejudice. *See* Order Granting Motion to Dismiss, App'x 921. The Amended Judgment stated that judgment was "entered in favor of Defendants," without excepting Claim 3. *See* Amended Judgment, App'x 928-29. The Bankruptcy Court did not take any of the steps outlined in Bankr. L.R. 9033-1, governing transmission of findings, conclusions, and objections to the district court.

### 3. The Error is Cured by this Court's De Novo Review

However, the Bankruptcy Court's error in entering judgment on Claim 3 is cured by this Court's de novo review. *See Arkison*, 134 S. Ct. at 2175 ("[E]ven if EBIA is correct that the Bankruptcy Court's entry of judgment was invalid, the District Court's de novo review and entry of its own valid final judgment cured any error."); *Schultze v. Chandler*, 765 F.3d 945, 948 n.1 (9th Cir. 2014) ("We need not decide whether the bankruptcy court's entry of final judgment was invalid . . . because in this case, the bankruptcy court dismissed Chandler's complaint for failure to state a claim, and the district court reviewed this dismissal de novo."); *Opperwall v. Bank of Am., N.A.*, 561 B.R. 775, 779 (N.D. Cal. 2016) (district court cured bankruptcy court's error in dismissing non-core claims by treating dismissal order as proposed findings of fact and conclusions of law subject to de novo review). For the reasons discussed below, this Court concludes after a de novo review that the Bankruptcy Court properly dismissed Claim 3 with prejudice pursuant to Rule 12(b)(6).

This Court AFFIRMS AND ADOPTS the Bankruptcy Court's Order Granting Motion to Dismiss and Amended Judgment with respect to Claim 3.

### B. Bankruptcy Court's Dismissal of the FAC under Rule 12(b)(6)

Wells Fargo and BNYM argued that Ms. Gens' FAC was subject to dismissal under Rule 12(b)(6) on a number of grounds, including lack of standing, res judicata, collateral estoppel, judicial estoppel, law of the case, preemption, statute of limitations, and legal insufficiency. *See* Motion to Dismiss, App'x 195-98. The Bankruptcy Court determined that Ms. Gens had standing,

but that dismissal was proper based on res judicata, collateral estoppel, law of the case, statute of limitations, and mootness. Order Granting Motion to Dismiss, App'x 907. It did not reach Defendants' arguments based on judicial estoppel, preemption, and legal insufficiency. *Id.*

In reviewing the Bankruptcy Court's decision, this Court "functions as an appellate court . . . and applies the same standards of review as a federal court of appeals." *In re Crystal Properties, Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001). Applying those standards, this Court reviews the dismissal of the adversary proceeding under Rule 12(b)(6) de novo and may affirm on any ground supported by the record. *See Thompson*, 547 F.3d at 1058-59. Review is limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court has taken judicial notice. *DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 762 (9th Cir. 2018). Claims are measured "against the now-familiar standard of *Twombly* and *Iqbal*: a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks and citations omitted).

### 1. Wells Fargo – Claims Barred by Res Judicata and Collateral Estoppel

The Bankruptcy Court found that Claims 1, 2, 3, and 5 asserted against Wells Fargo were barred on res judicata and collateral estoppel grounds, relying on both a prior civil action litigated before District Judge Lucy H. Koh and motions litigated before the Bankruptcy Court in the Chapter 7 bankruptcy case. Reviewing de novo, this Court concludes that the prior civil action raised a res judicata bar but did not give rise to collateral estoppel, and that the prior bankruptcy proceedings raised both a res judicata bar and a collateral estoppel bar to the adversary proceeding.

### a. Governing Law

"Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quotation marks and citation omitted). "Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.* (quotation marks and citation omitted).

"The doctrine of collateral estoppel bars the relitigation of issues that were resolved in a prior proceeding, even if the later suit involves a different cause of action." *Fund for Animals,*

*Inc. v. Lujan*, 962 F.2d 1391, 1399 (9th Cir. 1992). "To foreclose relitigation of an issue under collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992).

### b.   Prior Civil Action

In February 2010, Ms. Gens sued Wells Fargo's predecessors in interest, World and Wachovia, and others in the Santa Clara County Superior Court. The defendants removed the action to federal district court, where ultimately it was assigned to District Judge Lucy H. Koh. *See Gens v. Wachovia Mortgage Corporation, et al.*, Case No. 10-cv-01073-LHK.

In her second amended complaint in that action, Ms. Gens alleged defects in the loan documents, errors in servicing the loan, and mistakes in the foreclosure process. Of particular relevance here, Ms. Gens alleged that Wachovia lacked standing to enforce the loan because it had been securitized:

> Plaintiff is informed and believe and therefore alleges that her loan after they were originated and funded were sold on multiple occasions, bundled into a group of notes and subsequently sold to investors as a Derivative, "Mortgage Backed Security", and that therefore none of these Defendants, and each of them, own this loan, or Note and cannot be and are not the Beneficiary, or lawfully appointed trustee, and have no right to declare a default, to cause notices of default to issue or to be recorded, or to foreclose on Plaintiffs interest in the Property, Defendants, and each of them, were not the note Holder or the Note holder in due course or any Beneficiary at any time in regards to this loan.

*Gens v. Wachovia* SAC ¶ 39, App'x 611.

Ms. Gens asserted violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 et seq.; the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. §1639; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2a; and numerous state law claims, including a claim of quiet title based on her assertion that "Defendants have no legal or equitable right, claim, or interest in said property." *Id.* ¶ 67. Judge Koh dismissed the state law claims with prejudice as preempted by federal law, and dismissed the federal claims with leave to amend for failure to state a claim. *Gens v. Wachovia*, Case No. 10-cv-01073-LHK, ECF 64.

Ms. Gens filed a third amended complaint, amending her federal claims, which Judge Koh ultimately dismissed with prejudice under Rule 12(b)(6) based on statute of limitations and insufficient facts. *Gens v. Wachovia*, Case No. 10-cv-01073-LHK, ECF 72. The Ninth Circuit affirmed. *See Gens v. Wachovia Mortg. Corp.*, 503 F. App'x 533, 533-34 (9th Cir. 2013). The appellate decision did not address whether Judge Koh was correct to dismiss Ms. Gens' claim for quiet title and other state law claims on preemption grounds, because Ms. Gens did not raise that issue in her opening brief on appeal. *Id.*

### i. Res Judicata Effect of Civil Action

The Bankruptcy Court correctly determined that Judge Koh's dismissal of the civil action raised a res judicata bar to the claims asserted in the adversary proceeding. As stated above, the requirements for res judicata are (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. *Stewart*, 297 F.3d at 956. There is no question that the latter two factors are met. Judge Koh's dismissal of the civil action was a final judgment on the merits. *See id.* ("The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'"). Moreover, it is clear from both Ms. Gens' allegations and judicially noticeable documents that Wells Fargo is the successor in interest to Wachovia and thus that there is identity or privity between the parties to the civil action and the parties to the adversary proceeding. Application of res judicata thus turns on the first factor, identity of claims asserted in the civil action and the adversary proceeding.

To decide whether the identity of claims requirement is met, courts apply four criteria: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *United States v. Liquidators of European Fed. Credit Bank,* 630 F.3d 1139, 1150-51 (9th Cir. 2011) (quotation marks and citation omitted). "The fourth criterion – the same transactional nucleus of facts – is the most important." *Id.* at 1151.

Addressing these criteria in reverse order, the civil action and the adversary proceeding clearly arose out of the same transactional nucleus of facts, that is, the circumstances surrounding Ms. Gens' loan and the efforts of her lender and its successors in interest to collect on it (factor 4). Ms. Gens asserted infringement of the same rights in both suits, her perceived right to be free from the efforts of her lender and its successors in interest to collect on the loan (factor 3). The same evidence regarding the loan, the chain of title, and the alleged securitization would have been presented in both actions had either of them progressed past the motion to dismiss stage (factor 2). Moreover, Wells Fargo's interest in finality with respect to Ms. Gens' challenges to its rights would be impaired by prosecution of the adversary proceeding (factor 1). Accordingly, this Court concludes that there was an identity of claims between the civil action and the later adversary proceeding.

Ms. Gens asserts that the Bankruptcy Court should not have given res judicata effect to the civil action to bar her claims arising under the Bankruptcy Code, specifically, Claim 1 of the adversary FAC for determination of claim validity pursuant to 11 U.S.C. § 502 and Claim 2 for determination of lien validity pursuant to 11 U.S.C. § 506. She argues that application of the res judicata doctrine is inappropriate when the earlier action addresses state law claims and the later action addresses "legal elements unique to bankruptcy law." Reply at 6, ECF 27.

"Bankruptcy courts recognize and apply the basic principles of res judicata in determining the effect to be given in bankruptcy proceedings to judgments rendered in other forums." *In re Comer*, 723 F.2d 737, 739 (9th Cir. 1984). Ms. Gens argues that this case falls within an exception to this general rule created by the Supreme Court's decision in *Brown v. Felsen*, 442 U.S. 127 (1979). Her reliance on *Brown* is misplaced. The Ninth Circuit has summarized *Brown* as follows: "The issue before the Supreme Court in *Brown v. Felsen*, *supra*, was whether a bankruptcy court could consider evidence extrinsic to the judgment and record of a prior state collection suit when determining whether a debt previously reduced to judgment was dischargeable." *In re Comer*, 723 F.2d at 739. "The state court suit was settled by a stipulation, and neither the stipulation nor the resulting judgment indicated the cause of action on which the bankrupt's liability was based." *Id.* "The Supreme Court refused to allow the principle of res

judicata to bar the bankruptcy court from looking beyond the state court judgment to determine whether the debt came within one of the exceptions to discharge." *Id.* "The Court held that in such circumstances 'neither the interests served by res judicata, the process of orderly adjudication in state courts, nor the policies of the Bankruptcy Act would be well served by foreclosing petitioner from submitting additional evidence to prove his case.'" *Id.* (quoting *Brown*, 442 U.S. at 132).

The Supreme Court's main concern in *Brown* "was to preserve the exclusive jurisdiction of the bankruptcy court to determine dischargeability." *In re Comer*, 723 F.2d at 740. "Res judicata should not be applied to bar a claim by a party in bankruptcy proceedings, nor should a bankruptcy judge rely solely on state court judgments when determining the nature of a debt for purposes of dischargeability, if doing so would prohibit the bankruptcy court from exercising its exclusive jurisdiction to determine dischargeability." *Id.* That concern is not implicated in the present case, in which Ms. Gens' adversary claims did not relate to dischargeability. To the contrary, her claims under the Bankruptcy Code for determination of the validity of Wells Fargo's claim and lien turned on Wells Fargo's right to enforce the loan under state law. *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 451 (2007) (bankruptcy courts apply state substantive law when determining the validity of a claim under § 502); *In re Copper King Inn, Inc.*, 918 F.2d 1404, 1407 (9th Cir. 1990) ("State law controls the validity and effect of liens in the bankruptcy context.").

Accordingly, the Bankruptcy Court properly dismissed Ms. Gens' adversary claims under the doctrine of res judicata based on the preclusive effect of the judgment in the civil action litigated before Judge Koh.

### ii. Collateral Estoppel Effect of Civil Action

The Bankruptcy Court also dismissed Ms. Gens' claims against Wells Fargo on collateral estoppel grounds. This Court concludes that collateral estoppel does not apply to the prior civil action. While the Bankruptcy Court stated that "[t]he issue of Wells Fargo's right to collect payments and to enforce the Loan Agreement was a critical and necessary part of the district court's decision to dismiss Debtor's claim for quiet title," App'x 914, Judge Koh in fact dismissed the quiet title and other state law claims on preemption grounds, *Gens v. Wachovia*, Case No. 10-

cv-01073-LHK, ECF 64. She dismissed the federal claims as time-barred and legally insufficient under Rule 12(b)(6). *Gens v. Wachovia*, Case No. 10-cv-01073-LHK, ECF 72. Thus she made no determination regarding Wells Fargo's right to enforce the loan. Because Wells Fargo's status as a beneficiary under the Deed of Trust was neither actually litigated nor necessarily decided in the earlier civil action, collateral estoppel does not apply. *See Clark*, 966 F.2d at 1320. However, the dismissal of the adversary action may be affirmed based on other grounds discussed herein.

### c. Prior Bankruptcy Rulings in Chapter 7 Case

In Ms. Gens' current Chapter 7 case, the Bankruptcy Court issued orders overruling Ms. Gens' objections to Wells Fargo's claims, and granting Wells Fargo's motions for allowance of post-petition interest, attorneys' fees, and costs pursuant to 11 U.S.C. § 506(b). *See* Case No. 15-bk-53562, ECF 109, 201, 368. The Bankruptcy Court correctly found that those orders precluded the claims asserted in the adversary proceeding under both res judicata and collateral estoppel.

### i. Res Judicata Effect of Bankruptcy Rulings

The Bankruptcy Court properly applied the relevant law on res judicata in determining that the doctrine barred the adversary proceeding in light of prior orders allowing Wells Fargo's claims in the main bankruptcy case. Again, application of res judicata requires (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. *Stewart*, 297 F.3d at 956.

With respect to identity of claims, the Court concludes that the four-factor test set forth in *Liquidators* is satisfied. Prosecution of the adversary proceeding would impair rights or interests established by the Bankruptcy Court's orders allowing Wells Fargo's claims (factor 1). The Bankruptcy Court's allowance of Wells Fargo's claims determined that Wells Fargo was the beneficiary under the Deed of Trust with the right to collect payments on the loan or otherwise enforce the loan. The claims asserted in the adversary proceeding squarely challenged Wells Fargo's status as the beneficiary under the Deed of Trust with rights to enforce the loan. Thus any contrary result in the adversary proceeding would impair rights granted in the bankruptcy proceedings. Because the critical issue was the same for the bankruptcy claim proceedings and the adversary proceeding, the same evidence would be required for both (factor 2). The bankruptcy

14

claim proceedings and the adversary proceeding involved the same rights, that is, the parties' rights and obligations with respect to the loan (factor 3). And finally, the main bankruptcy case and the adversary proceeding clearly arose out of the same transactional nucleus of facts (factor 4).

Ms. Gens argues that adversary proceeding raised claims different from those addressed in the bankruptcy claim proceedings. However, res judicata precludes claims that "could have been raised in a prior action" so long as the four-factor test for claim identity is satisfied. *Stewart*, 297 F.3d at 956. At the hearing, the Bankruptcy Court asked Ms. Gens' counsel why she had not raised her securitization theory in opposition to Wells Fargo's claims in the bankruptcy case. Transcript 17:22-19:25, App'x 880-81. The Bankruptcy Court made the point that because Ms. Gens waited to raise that theory in an adversary proceeding, "now what we've got is seriatim objections to the same claim." Transcript 18:10-11, App'x 880. Although Ms. Gens alleges that she did not discover the facts giving rise to her securitization theory until she hired a forensic mortgage loan auditor and read his report in April 2017, *see* FAC ¶ 26, she alleged the same theory in her 2010 civil action before Judge Koh, *see Gens v. Wachovia Mortgage Corporation, et al.*, Case No. 10-cv-01073-LHK. Based on this record, the Court concludes that the challenge based on her securitization theory could have been raised in the bankruptcy claim proceedings. Moreover, one of the claims raised in the adversary proceeding, for an accounting, actually was raised in the bankruptcy claim proceedings. *See* Order Granting Motion to Dismiss, App'x 910.

With respect to the requirement of a final judgment on the merits, "a bankruptcy court's allowance or disallowance of a claim is a final judgment." *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 529 (9th Cir. 1998). This is true whether or not the Bankruptcy Court issues a separate order allowing or disallowing a claim. *Id.* Accordingly, the Bankruptcy Court's orders allowing Wells Fargo's claims constituted final judgments on the merits.

Finally, the parties in the bankruptcy proceedings and adversary proceeding were identical.

### ii. Collateral Estoppel Effect of Bankruptcy Rulings

That Bankruptcy Court also applied the correct law on collateral estoppel and properly found that the doctrine applied. Specifically, the Bankruptcy Court found that (1) the issue at stake in the adversary proceeding was identical to the one alleged in the prior bankruptcy claims

proceedings, that is, whether Wells Fargo was the beneficiary under the Deed of Trust and entitled to enforce the loan; (2) the issue was actually litigated in the prior bankruptcy claims proceedings; and (3) the determination of the issue in the prior bankruptcy claims proceedings was a critical and necessary part of the judgment. *See Clark*, 966 F.2d at 1320.

This Court finds on de novo review that the Bankruptcy Court correctly dismissed Claims 1, 2, 3, and 5 against Wells Fargo under the doctrines of res judicata and collateral estoppel.

### 2.    BYNM – Claims Properly Dismissed as Moot

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). As discussed below, Ms. Gens has not identified any controversy between herself and BNYM with respect to Claims 1 and 2. Therefore, the Bankruptcy Court correctly found that Claims 1 and 2 – the only claims asserted against BNYM – were moot.

Claim 1, for determination of validity of claim, was brought under 11 U.S.C. § 502, governing allowance of claims or interests in a bankruptcy case. Ms. Gens alleged that Wells Fargo filed a fraudulent Proof of Claim in the Chapter 7 bankruptcy case, "falsely representing that it is the holder of the first lien on the Subject Property" when "Wells Fargo, in fact, holds no interest in the Property whatsoever." FAC ¶ 32. Similar allegations challenged Wells Fargo's assertion of a beneficial interest in the Deed of Trust. FAC ¶¶ 31-35. Nothing in Claim 1, or the FAC as a whole, suggested that BNYM filed a claim in the Chapter 7 bankruptcy or otherwise asserted rights in the Property, Deed of Trust, or Note. The joint motion to dismiss filed by Wells Fargo and BNYM argued that *Wells Fargo* has the right to enforce the loan agreement. *See* Motion to Dismiss, App'x 195. Because BNYM has not asserted a claim, Claim 1 did not present a live controversy as to BNYM.

Claim 2, for determination of validity of lien, was brought under 11 U.S.C. § 506, governing determination of secured status. Ms. Gens sought a determination that title in the Property was vested in her, free and clear of encumbrances in favor of Wells Fargo or BNYM. FAC ¶ 41. However, she did not allege that BNYM asserted a lien or other encumbrance against the Property. Accordingly, Claim 2 did not present a live controversy as to BNYM.

On appeal, Ms. Gens argues without citation to authority that she properly included BNYM as a defendant to Claims 1 and 2 because she wanted "to make sure the correct entity who owns the 'claim' is identified, as it is not Wells Fargo." Opening Br. at 17, ECF 20. Ms. Gens contends that BNYM "either is the claimant or knows who the claimant is." *Id.* Those arguments completely ignore the fact that BNYM has not asserted any claim or lien with respect to the Property. Under these circumstances, and absent any citation to authority suggesting to the contrary, this Court concludes that Claims 1 and 2 are moot with respect to BNYM.

This Court finds on de novo review that the Bankruptcy Court correctly dismissed Claims 1 and 2 against BNYM as moot.

### 3. Additional Grounds for Dismissal

Because it concludes that the Bankruptcy Court's dismissal of the FAC was correct based on res judicata, collateral estoppel, and mootness, the Court need not address the Bankruptcy Court's reliance on law of the case or statute of limitations as additional bases for dismissal. The Court also need not address grounds raised in the motion to dismiss but not relied on by the Bankruptcy Court, for example, failure to allege facts sufficient to state a claim. However, the Court observes that numerous district courts within the Ninth Circuit have rejected the securitization theory upon which all claims in the FAC were based. *See Sepehry-Fard v. Nationstar Mortg. LLC*, No. 14-CV-03218-LHK, 2015 WL 332202, at *18 (N.D. Cal. Jan. 26, 2015) (collecting cases). Consequently, it appears that the Bankruptcy Court's dismissal of the FAC likely would be affirmed on this alternative ground, if the Court were to reach it.[5]

---

[5] Ms. Gens erroneously argues that failure to state a claim may not be argued or considered in this appeal because Wells Fargo and BNYM failed to raise that ground for dismissal in their Rule 12(b)(6) motion below. However, the Rule 12(b)(6) motion expressly asserted failure to state a claim based on multiple court's rejection of Ms. Gens' securitization theory. *See* Motion to Dismiss, App'x 227 ("Debtor will never be able to state a claim based on the alleged securitization of her Loan because her Complaint's representation about the legal effect of securitization (i.e., that Wells Fargo's predecessor divested itself of any interest in the Loan after it was securitized and sold to a REMIC) is unsupported by applicable law and has been repeatedly rejected by the courts."). The Bankruptcy Court declined to reach the argument based on its conclusion that the FAC was subject to dismissal on other grounds. *See* Order Granting Motion to Dismiss, App'x 907. However, a dismissal for failure to state a claim under Rule 12(b)(6) may be affirmed on any ground supported by the record. *Thompson*, 547 F.3d at 1058-59.

**V.     ORDER**

The Bankruptcy Court's Order Granting Motion to Dismiss and Amended Judgment are AFFIRMED.

To the extent the Bankruptcy Court lacked jurisdiction to issue a final judgment with respect to Claim 3, this Court ADOPTS the Bankruptcy Court's Amended Judgment.


Dated:  September 12, 2018

_____
BETH LABSON FREEMAN
United States District Judge